IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Olde Tyme Remedies, LLC<br>P.O. Box 53308<br>Cincinnati, Ohio 45253<br><br>Plaintiff,<br>v.<br><br>Amish Origins, LLC<br>P.O. Box 39<br>Worland, Wyoming 82401<br><br>and<br><br>Carol S. Doerr<br>533 Sagebrush Drive<br>Worland, Wyoming 82401<br><br>and<br><br>Dutch Valley Food Distributors, Inc.<br>P.O. Box 465<br>7615 Lancaster Avenue<br>Myerstown, Pennsylvania 17067 | Pro 10 Originals, LLC<br>P.O. Box 39<br>Worland, Wyoming 82401<br><br>and<br><br>Gerald J. Doerr, Jr.<br>1508 Coburn Avenue<br>Worland, Wyoming 82401<br><br>and<br><br>Richard D. Greenwood<br>dba G & G Enterprises<br>3201-H Mariners Island Drive NW<br>Canton, Ohio 44708<br><br>Defendants. | Civil Action No.<br>5:12 CV 3044<br>JUDGE LIOI<br>Jury Trial Demanded<br>MAG. JUDGE BURKE |



## ORIGINAL COMPLAINT

For its complaint against the defendants the plaintiff states as follows:

### The Parties

1. The plaintiff Olde Tyme Remedies, LLC is an Ohio limited liability company having its principal place of business at P.O. Box 53308, Cincinnati, Ohio 45036.

2. The plaintiff is engaged in the business of manufacturing and selling multipurpose medicated products – such as salves, balms, and sprays – for treatment of pain relief and other symptoms.

1

3. The defendant Amish Origins, LLC is a Wyoming limited liability company having its principal place of business at P.O. Box 39, Worland, Wyoming 82401.

4. On information and belief, Amish Origins is engaged in the business of manufacturing and selling multipurpose medicated products – such as salves, balms, and sprays – for treatment of pain relief and other symptoms.

5. The defendant Pro 10 Originals, LLC is a Wyoming limited liability company, having its principal place of business at P.O. Box 39, Worland, Wyoming 82401.

6. On information and belief, Pro 10 Originals now engages or has in the past engaged in the business of manufacturing and selling multipurpose medicated products – such as salves, balms, and sprays – for treatment of pain relief and other symptoms.

7. The defendant Carol S. Doerr is an individual residing in Wyoming.

8. On information and belief, Carol Doerr is the owner and principal of Amish Origins and personally directs the business operations of Amish Origins.

9. The defendant Gerald J. Doerr, Jr. is an individual residing in Wyoming.

10. On information and belief, Gerald Doerr is or was an owner and officer of Pro 10 Originals and personally directs or directed its business operations.

11. The defendant Richard D. Greenwood dba G & G Enterprises is an individual residing in this judicial district.

12. On information and belief, Richard Greenwood is engaged in the business of distributing Pro 10 Originals or Amish Origins products both within and without this judicial district. On information and belief, such business is conducted in the name of G & G Enterprises.

13. The defendant Dutch Valley Food Distributors, Inc. is a Pennsylvania corporation having its principle place of business at 7615 Lancaster Avenue, Myerstown, Pennsylvania 17067.

14. On information and belief, Dutch Valley Food is engaged in the business of distributing or offering for retail purchase Pro 10 Originals or Amish Origins products both within and without this judicial district.

## Jurisdiction and Venue

15. This is an action for relief under the Lanham Act, Title 15 of the United States Code, Sections 1051 et seq., for false advertising and willful infringement of the plaintiff's federally registered trademark.

16. This Court has jurisdiction over the subject matter of the Lanham Act claims in this action pursuant to Title 15 of the United States Code, Section 1121 and Title 28 of the United States Code, Sections 1331 and 1338(a).

17. This Court has supplemental and ancillary jurisdiction over the subject matter of the state law claims in this action pursuant to Title 28 of the United States Code, Section 1367(a).

18. This Court has personal jurisdiction over the defendants as all of the defendants reside in, are registered to do business in, or are doing business in the State of Ohio and this judicial district, and on information and belief, all of the defendants offer for sale, sell, distribute, or act in concert to sell products both within and without this judicial district.

19. Venue is proper in this Court pursuant to Title 28 of the United States Code, Section 1391(b)(2) as a substantial part of the events giving rise to these claims

occurred in this judicial district, or is otherwise proper in this Court pursuant to Title 28 of the United States Code, Section 1391(b)(3) as one or more defendants are subject to this Court's personal jurisdiction.

## Common Allegations

20. The plaintiff is the valid assignee of United States Trademark Registration No. 3,845,320 for UNKER'S registered on September 7, 2010 and the goodwill associated therewith.

21. The plaintiff now manufactures and sells and has, by itself and through the assignor, manufactured and sold multipurpose medicated products – such as salves, balms, and sprays – for treatment of pain relief and other symptoms, since at least April 1982.

22. The plaintiff's products have been widely advertised and extensively offered under the valued trademark UNKER'S throughout the United States, and the UNKER'S trademark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of the plaintiff, its products, services, and its good will.

23. The plaintiff has the sole and exclusive right to use the UNKER'S mark in connection with the goods listed in the above-referenced registration.

24. The plaintiff provides notice that the UNKER'S mark is the subject of a Federal trademark registration including use of the registration symbol, ®, in connection with the advertising and sale of its products. Said registration is in full force and effect, and is owned by the plaintiff.

25. The plaintiff is also the owner of common law rights in the UNKER'S mark by virtue of continuous use of the mark since at least April 1982 on multipurpose medicated products and other personal care products, during which time the trademark has become imbued with goodwill and renown of substantial value to the plaintiff.

26. The use of the UNKER'S mark by Pro 10 Originals and Gerald Doerr was previously litigated in the District of Wyoming, case number 2:08-cv-00138.

27. In the Wyoming case, on March 17, 2010, the court ordered that those defendants be permanently enjoined from using or continuing to use the UNKER'S mark, or any of its variants, in any sales, marketing or other activities involving personal care products or any other products.

28. On information and belief, all of the defendants are engaged or have been engaged in the manufacture, distribution or sale of multipurpose medicated products or other personal care products.

29. On information and belief, the defendants market the products referenced in paragraph 30 in connection with the mark AMISH ORIGINS.

30. On information and belief, all defendants currently market or have marketed their AMISH ORIGINS products, whether through intentionally false or misleading express representations, false or misleading advertising, or omissions of fact related to the origin, source, and nature of their goods, as original UNKER'S products that have been rebranded.

31. On information and belief, the defendants, whether through intentionally false or misleading express representations, false or misleading advertising, or omissions

of fact related to the origin, source, and nature of their goods, represent that the UNKER'S product line was purchased by Pro 10 Originals or Amish Origins, and that the AMISH ORIGINS product line was at one time the "real," authorized UNKER'S product line.

32. The Pro 10 Originals and Amish Origins defendants, at the direction of Gerald Doerr or Carol Doerr and through the defendants Richard Greenwood and Dutch Valley Food hold themselves out as the originators of the UNKER'S product line and unfairly compete with the plaintiff, its licensees, distributors, and retailers by utilizing the plaintiff's trademarks and making false and misleading representations to the public regarding the origin of their goods.

### Count I: Infringement of a Federally Registered Trademark

33. The plaintiff realleges the allegations in paragraphs 1-32, as if set forth fully herein.

34. The plaintiff is the owner of U.S. trademark registration number 3,845,320 for the UNKER'S word mark and registered on the Principal Register on September 7, 2010 for "multipurpose medicated antibacterial cream, analgesic balm and mentholated salve; medicated lip balm" in international class 5.

35. Said registration was validly assigned to plaintiff by means of a written assignment dated January 11, 2010. Said assignment was recorded in the United States Patent and Trademark Office and the plaintiff continues to be the owner of said U.S. trademark registration.

36. Continuously since on or about April 1982, the plaintiff and its predecessors in interest to the registration have used the UNKER'S mark to identify its goods and

to distinguish them from those made and sold by others, by, among other things, prominently displaying the UNKER'S mark on the goods, their containers and the displays associated therewith. In addition, the plaintiff has prominently displayed said mark in commerce throughout the United States.

37. The defendants have infringed the plaintiff's mark in interstate commerce by various acts, including the use of the mark in advertising representing that the AMISH ORIGINS product line was "formerly known as UNKER'S."

38. The Pro 10 Originals and Amish Origins defendants, at the direction of Gerald Doerr or Carol Doerr, have infringed the plaintiff's mark by using the UNKER'S mark in interstate commerce in such a manner so as to cause confusion, to cause mistake, or to deceive consumers regarding the source of those defendants' goods.

39. The Pro 10 Originals and Amish Origins defendants, at the direction of Gerald Doerr or Carol Doerr, have infringed the plaintiff's mark by directing others to use the UNKER'S mark in interstate commerce in such a manner so as to cause confusion, to cause mistake, or to deceive consumers regarding the source of those defendants' goods.

40. The Richard Greenwood and Dutch Valley Food defendants have infringed the plaintiff's mark using the UNKER'S mark in interstate commerce in such a manner so as to cause confusion, to cause mistake, or to deceive consumers regarding the source of those defendants' goods.

41. Such use of the UNKER'S mark by the defendants is without permission or authority of the plaintiff and is likely to cause confusion, to cause mistake and to deceive.

42. Such use of the UNKER'S mark by the defendants has actually caused confusion and mistake, and deceived consumers.

43. The defendants' heretofore-alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.

44. The plaintiff has continuously and consistently given public notice that its mark is registered in the U.S. Patent and Trademark Office by displaying with the mark as used the letter R enclosed within a circle.

45. By way of the Wyoming judgment and order, the defendants have actual knowledge and notice of the plaintiff's registration, and have continued the acts of intentional infringement in violation of Title 15 of the United States Code, Section 1114(1).

46. Said acts of infringement has and will continue to cause further irreparable injury to the plaintiff if the defendants is not restrained by this Court from further violation of the plaintiff's rights, and the plaintiff has no adequate remedy at law.

47. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' unfair competition pursuant to Title 15 of the United States Code, Section 1117, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

48. The plaintiff is entitled to an award of attorney fees and statutory damages in this action pursuant to Title 15 of the United States Code, Section 1117 for intentionally infringing the UNKER'S mark.

## Count II: Unfair Competition under the Lanham Act

49. The plaintiff realleges the allegations in paragraphs 1-48, inclusive of Count I, as if set forth fully herein.

50. Said acts of the defendants constitute unfair competition and an infringement of the plaintiff's common-law rights in the UNKER'S mark.

51. The defendants have infringed the plaintiff's mark as alleged herein with the intent to deceive the public into believing that goods sold by the defendants are made by, approved by, sponsored by or affiliated with, the plaintiff. The defendants' acts as alleged herein were committed with the intent to pass of and palm off the defendants' goods as the goods of the plaintiff, and with an intent to deceive or defraud the public.

52. The defendants' acts of unfair competition was calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and caused the plaintiff to lose sales.

53. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' unfair competition pursuant to Title 15 of the United States Code, Section 1117, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

## Count III: False Designation in Interstate Commerce under the Lanham Act

54. The plaintiff realleges the allegations in paragraphs 1-53, inclusive of Counts I-II, as if set forth fully herein.

55. The defendants have caused goods to enter into interstate commerce with designations and representations that said goods have an affiliation, connection, or association to the plaintiff's goods. Said acts are likely to cause confusion, to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the plaintiff or its goods with those of the defendants.

56. The defendants have caused goods to enter into interstate commerce with designations and representations as to the origin, sponsorship, or approval of said goods. Said acts are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of the defendants' goods.

57. Said uses of the UNKER'S mark are false designations of origin in violation of Title 15 of the United States Code, Section 1125(a), in that the defendants have used in connection with goods false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the defendants with the plaintiff and as to the origin, sponsorship, and approval of the defendants' goods by the plaintiff.

58. Said acts were calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and caused the plaintiff to lose sales.

59. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' unfair competition pursuant to Title 15 of the United States Code, Section 1117, and for injunctive and equitable relief pursuant to Section 1116 of that Title as justice should so require.

## Count IV: Deceptive Trade Practices under Ohio Law

60. The plaintiff realleges the allegations in paragraphs 1-59, inclusive of Counts I-III, as if set forth fully herein.

61. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by passing off goods or services as those of the plaintiff.

62. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

63. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, the plaintiff.

64. The defendants have engaged in deceptive trade practices under Ohio Revised Code Chapter 4165 by representing that their goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that they have a sponsorship, approval, status, affiliation, or connection that they do not have.

65. The defendants' actions have disparaged the goods, services, or business of the plaintiff by false representation of fact in violation of Ohio Revised Code Chapter 4165.

66. The defendants' have willfully engaged in deceptive trade practices with knowledge that these practices are deceptive.

67. Said acts were calculated to damage, did damage, and continue to damage the plaintiff's business reputation, its relationship with its customers, and caused the plaintiff to lose sales.

68. The plaintiff is entitled to a judgment for monetary damages arising from the defendants' deceptive trade practices pursuant to Section 4165.03(A)(2), and for injunctive and equitable relief pursuant to Section 4165.03(A)(1), and an award of attorney fees pursuant to Section 4165.03(B) as justice should so require.

## Prayer for Relief

**Wherefore**, the plaintiff requests that this Court enter a judgment:

(a) permanently enjoining the defendants, their directors, officers, agents, subsidiaries, affiliates, and all persons acting by, through, or in concert with any of them, from

  (i) using UNKER'S trademark or any designation that is confusingly similar to the plaintiff's registered trademark and design;

  (ii) otherwise infringing the plaintiff's trademark;

  (iii) unfairly competing with the plaintiff in any manner whatsoever;

  (iv) causing a likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of the plaintiff's symbols, labels, or forms of advertisement; and

  (v) otherwise using and infringing the plaintiff's trademarks in a manner that suggests any current or prior connection between the defendants and the plaintiff or their products, including in advertising, product labeling, internet metadata, and direct or indirect statements to the public;

(b) ordering the defendants to deliver up or destroy all products, literature, advertising, and other material bearing the infringing designations or materials;

(c) ordering the defendants to file with this Court and serve on the plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which the defendants have complied with the injunction;

(d) awarding the plaintiff such actual damages as it has sustained as a result of the defendants' trademark infringement pursuant to 15 U.S.C. § 1117.

(e) awarding the plaintiff such actual damages as it has sustained as a result of the defendants' deceptive trade practices pursuant to O.R.C. §4165.03;

(f) ordering the defendants to account for and disgorge to the plaintiff all gains, profits, and advantages derived from its trademark infringement pursuant to 15 U.S.C. § 1117;

(g) finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a)(3), and awarding reasonable attorney fees to the plaintiff;

(h) awarding the plaintiff its attorney fees pursuant to O.R.C. 4165.03(B); and

(i) granting such other and further relief, whether legal or equitable, to which the plaintiff is entitled.

## Jury Demand

The plaintiff hereby demands trial by jury of all issues.

Date: 13 December 2012

*(signature)*

John J. Okuley (0076748)
Okuley Smith, LLC
7700 Rivers Edge Drive
Columbus, Ohio 43235-1355
Tel. 614.436.0600
Fax. 614.436.0057
Email. *jokuley@okuleysmith.com*

Matthew J. Schonauer (0086361)
Okuley Smith, LLC
Email. *mschonauer@okuleysmith.com*

*Attorneys for the plaintiff*