IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **OLDE TYME REMEDIES, LLC**, | CASE NO. 5:12-cv-03044-JRA |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| **AMISH ORIGINS, LLC, et al.**, | |
| Defendants. | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE
FIRST AMENDED ANSWER AND COUNTERCLAIM, INSTANTER**

The basis for the AO Defendants'[1] Motion to Amend their Answer is this: in OTR's[2] 30(b)(6) deposition, OTR admitted that it was aware of the alleged conduct of the AO Defendants that forms the basis of its claims herein since at least March of 2010.  OTR did not file its lawsuit until December 2012.  As such, **the doctrines of laches and the statute of limitations end this case.**  Likely in recognition of this fact, OTR's Memorandum in Opposition[3] seeks to heighten the standard for amendment of pleadings and for pleading affirmative defenses.  OTR's arguments fail, and the AO Defendants' Motion to Amend should be granted for the following reasons:

---

[1] The "AO Defendants" collectively refers to Defendants Amish Origins, LLC, Pro10 Originals, LLC, Gerald J. "Jerry" Doerr, Jr. and Carol S. Doerr.

[2] "OTR" refers to Plaintiff Olde Tyme Remedies, LLC.

[3] Doc. 114, p.1 is captioned as: "Plaintiff's Motion to Dismiss Defendants' Counterclaims and Request for Sanctions", while Doc. 114 p. 2 is captioned as: "Memorandum in Opposition to Amish Origins Motion to Amend Answer."  The AO Defendants will respond to OTR's Motion to Dismiss and Request for Sanctions in a separate response within the time allocated by the Local Rules.

*First,* it is uncontroverted that OTR knew of the AO Defendants' alleged conduct since OTR's inception in early 2010, [4] yet did nothing. "For Lanham Act claims, the correct statute of limitations to borrow from Ohio is the two-year limitations period in R.C. § 2305.10." *Logan Farms v. HBH, Inc. DE*, 282 F.Supp.2d 776, 789 (S.D.Ohio 2003).  Federal courts apply this same statute of limitations for determining laches for claims brought under the Ohio Deceptive Trade Practices Act ("ODTPA"). *Veracity Group, Inc. v. Cooper-Atkins Corp., Inc.*, S.D.Ohio. No. 1:11cv526, 2012 WL 203415, *2 (Jan. 24, 2012).  OTR's Counts 1-3 are based on the Lanham Act, and Count 4 is based on the ODTPA.  As such, the statutes of limitations as to OTR's claims expired in early 2012.  Further, "[t]here is a strong presumption of laches where the analogous statute of limitations has elapsed." *Logan*, 282 F.Supp.2d at 789.  Failure to overcome the strong laches presumption results in dismissal of the claims. *Id.*  In this case, OTR cannot overcome this strong laches presumption. The doctrine of the statutes of limitations and laches end this case.

*Second,* Ohio federal case law is clear that affirmative defenses need not be pled with particularity. *See, e.g., New Hampshire Ins. Co. v. Marinemax of Ohio, Inc.,* 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006) ("Rule 8(c) requires that certain affirmative defenses shall be set forth affirmatively. However, this does not mean that they must be pleaded with particularity.  Rather, a defendant's assertion of an

---

[4] The AO Defendants first learned of the applicability of the laches and statute of limitations defenses during the Fed. R. Civ. P. 30(b)(6) deposition of OTR on June 6, 2013.  During this deposition, OTR admits that the confusion it now alleges has existed since at least 2010, and claimed that OTR received confusion calls from the beginning of OTR business in early 2010.  (OTR 30(b)(6) Depo., p. 59 (Dkt. No. 60-1)).  OTR was aware of the confusion that it complains of in this case even before OTR purchased the business at the end of 2009.  OTR's 30(b)(6) witness testified that "[p]rior to me buying the company there was confusion." (Id., p. 60).  OTR admitted:

Q. And so from March of 2010 forward, Olde Tyme Remedies had been receiving calls from customers who were confused between Unker's and Amish Origins; is that correct?

A. Yes, uh-huh.
\*\*\*
Q. So Olde Tyme Remedies has been aware of confusion, as it relates to customers, between Unker's and Olde Tyme Remedies dating all the way back to March of 2010; is that correct?

A. Yes.

(Id. pp. 61-62).

affirmative defense is adequate when it gives the plaintiff fair notice of the defense." [citations omitted]). OTR has not cited any case law to the contrary. The AO Defendants' Proposed Amended Answer is properly pled.

*Third,* OTR does not point to any actual discovery that will be needed if the amendment is allowed, and any such discovery would be in OTR's own possession. In truth, if any party needs further discovery, it will be the AO Defendants. Moreover, if further discovery is necessary, there is ample time for discovery to be conducted. There is no trial date set in this case, and discovery remains ongoing. OTR has had and will continue to have ample time to conduct discovery and investigation into the AO Defendants' affirmative defenses of laches and the statute of limitations. OTR is in no way prejudiced by the AO Defendants' proposed amendment.

*Fourth,* absent an opportunity to review the un-redacted Asset Purchase Agreement, the AO Defendants simply cannot properly reevaluate their counterclaim. OTR's claim that the turmoil surrounding the Agreement "does not hide the fact that plaintiff owns the mark" (Doc. 114, p. 3) completely misses the point. Hiding the Agreement **does** hide that purported "fact".[5] The AO Defendants

---

[5] As explained in the AO Defendants' Memorandum in Opposition to OTR's Application for Preliminary Injunction (Doc. 61), the documents on file with the PTO are insufficient to reflect a valid assignment of the UNKER'S mark from the plaintiffs in the Wyoming Litigation to OTR. The PTO documents only reflect the execution of an "Acknowledgement of Trademark Assignment," signed by the President and CEO of OTR, which merely states "the trademark was assigned pursuant to an asset sale and assignment agreement dated January 11, 2010." (PTO Doc. Reel No. 004290, Frame Nos. 0459-0461, attached to Doc. 61 as Exhibit 3). The asset purchase agreement was not filed with the PTO. In fact, no documents signed by any of the plaintiffs in the Wyoming Litigation were filed with the PTO. The "Acknowledgement of Trademark Assignment" filed with the PTO only reflects an assignment purportedly effectuated by UIC – not the remaining Wyoming Litigation plaintiffs that were awarded the UNKER'S mark. The simple fact that the PTO reflects that an assignment may have occurred does not relieve the movant of its burden of proving a valid assignment of the mark at issue. *See, CLT Logistics*, 777 F. Supp. 2d at 1069.
According to 15 USC § 1060(a)(3), "Assignments shall be by instruments in writing duly executed." 37 CFR § 3.25(a), which pertains to the recording requirements for trademark assignments, states that: "To record documents affecting title to a trademark application or registration, a legible cover sheet and one of the following must be submitted: (1) A copy of the original document; (2) A copy of an extract from the document evidencing the effect on title; or (3) A statement ***signed by both the party conveying the interest and the party receiving the interest*** explaining how the conveyance affects title." [Emphasis added]. None of these items is on file at the PTO. Moreover, even if OTR complied with the above cited regulations and the document on file with the PTO was "prima facie" evidence of ownership, this is far from conclusive. *Federal Treasury Enterprise Sojuzplodoimport v. Spirits Intern. N.V.*, 623 F.3d 61, 68 (2nd Cir. 2010) ("Prima facie evidence of execution is not the same as conclusive evidence of the validity of an assignment."); *In re Ratny*, 24 U.S.P.Q.2d 1713, 1715, 1992 WL 340754 (Comm'r Pat. & Trademarks 1992) ("The mere act of recording [an assignment] document is a ministerial act. The Assignment Branch [of the USPTO] does not examine the substance of the transaction …. Acceptance of a document for recordation does not mean that the [Patent and Trademark] Office has made a determination of ownership of the mark.").

3

have repeatedly committed to reviewing and reevaluating their counterclaim once they are provided the opportunity to review the un-redacted Agreement. But, to date, OTR has continuously refused to provide the AO Defendants with this requested access, rendering any reevaluation of the Counterclaim impossible.

*Fifth,* justice requires leave to amend be granted in this case. Fed. R. Civ. P. 15(a)(2) provides in pertinent part that: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Justice favors amendment especially when there is no prejudice." *In re Hensley*, E.D. Ky. No. 5:13CV04, 2013 WL 4505908, *3 (Aug. 22, 2013). "Where no prejudice results to the adverse party, the Statute of Limitations can be subsequently pleaded in an amended answer, and there is no waiver of such defense if the answer is properly amended to include it." *Id.* OTR's Memorandum in Opposition does not allege bad faith or dilatory motive, it does not make a case for undue prejudice or futility of amendment, nor does it establish any reason justifying denial of the AO Defendants' Motion at this early stage of the proceedings. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As such, the AO Defendants' Motion should be granted.

For all of these reasons, and pursuant to Fed. R. Civ. P. 15(a), the AO Defendants hereby move this Court for leave to amend their answer and counterclaim to assert the affirmative defenses of laches and the statute of limitations, as reflected in the proposed First Amended Answer and Counterclaim attached as Exhibit A to the AO Defendants' Motion to Amend (Doc. 105), instanter.

Date:   November 27, 2013	Respectfully submitted,

**TZANGAS | PLAKAS | MANNOS | LTD**


/s/ Gary A. Corroto
Gary A. Corroto (0055270)
Edmond J. Mack (0082906)
Maria C. Klutinoty Edwards (0086401)
220 Market Avenue South, 8th Floor
Canton, Ohio 44702
Telephone:  (330) 455-6112
Facsimile:  (330) 455-2108
E-mail: gcorroto@lawlion.com
            emack@lawlion.com
            mklutinotyedwards@lawlion.com

*Attorneys for Defendants Amish Origins, LLC,
Pro10 Originals, LLC, Gerald J. Doerr, Jr. and
Carol S. Doerr*


### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically this 27nd day of November, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/ Gary A. Corroto
Gary A. Corroto (0055270)

*Attorney for Defendants Amish Origins, LLC,
Pro10 Originals, LLC, Gerald J. Doerr, Jr. and
Carol S. Doerr*